No. 12278

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

MORRISON-MAIERLE, INC.,
A Montana corporation,

Plaintiff and Respondent,

-vs-

THE CITY OF FORSYTH, MONTANA,

Defendant and Appellant.

---

Appeal from: District Court of the Sixteenth Judicial District,
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

William F. Meisburger, Forsyth, Montana.

For Respondent:

Hughes & Bennett, Helena, Montana.

---

Submitted: July 13, 1972

Decided: AUG 2 1 1972

Filed: AUG 2 1 1972

*Thomas J. Kearney*
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from a declaratory judgment entered pursuant to the Uniform Declaratory Judgments Act (Sections 93-8901 to 93-8916, R.C.M. 1947) by the district court of the sixteenth judicial district of the State of Montana, in and for the County of Rosebud. Defendant City of Forsyth, hereinafter called City, appeals from an order which declared void that part of an amendment to section 11-1202, R.C.M. 1947, which purported to delete the last paragraph of that section. Both parties waived jury trial in the district court and the City submits the matter to this Court as a single question of law.

The record shows that respondent Morrison-Maierle, Inc., hereinafter called Morrison, is a Montana corporation in the business of providing professional, technical and engineering services to municipalities and others. Morrison had been negotiating to provide certain engineering services to the City in connection with a water resources survey and other projects. When the proposed contract for engineering services was reviewed by the city attorney, it was determined that the City could not further negotiate with Morrison unless the bid requirements of section 11-1202, R.C.M. 1947, as amended by Senate Bill 288, Chapter 371, Laws of 1971, were met. The City alleges said amendment requires that engineering and professional services of the type and amount offered by Morrison must now be competitively bid with the contract award going to the lowest responsible bidder.

Prior to the amendment by Chapter 371, Laws of 1971, section 11-1202, R.C.M. 1947, the Montana statute setting bid requirements for contracts awarded by cities and towns, contained a final paragraph which read as follows:

> "All necessary contracts for professional,
> technical, engineering and legal services are
> excluded from the provisions of this act."

Clearly, this paragraph excluded from the competitive bid requirements all contracts for professional, technical, engineering and legal services. Such had been the long-standing provision of Montana law with respect to such services as offered by Morrison to the City.

Then the 42nd Legislative Assembly amended section 11-1202 via Senate Bill 288, Chapter 371, Laws of 1971, in order to increase the monetary limitation on purchases and contracts by municipalities without competitive bid from $2,500.00 to $4,000.00. The title of Senate Bill 288, as introduced and passed, reads as follows:

> "An Act Amending Section 11-1202, R.C.M. 1947,
> to Increase the Monetary Limitation on Purchases."

There is no mention anywhere in the title of the bill of any intention to further amend the section by deleting the exclusion of professional services from bid requirements. Yet the amendment of section 11-1202 deletes by omitting entirely the final paragraph which specifies the exclusion of such services.

The parties are in agreement on the foregoing facts. Thus, we are brought to the sole issue of law on this appeal: whether or not Chapter 371, Laws of 1971, having been Senate Bill 288 of the 42nd Legislative Assembly, is, as to its purported repeal of the last paragraph of section 11-1202, R.C.M. 1947, void as unconstitutional under Article V, Sec. 23 of the Montana Constitution?

Turning to the applicable constitutional provision, we find that Article V, Sec. 23 reads as follows:

> "No bill, except general appropriation bills,
> and bills for the codification and general

- 3 -

revision of the laws, shall be passed containing
more than one subject, which shall be clearly
expressed in its title; but if any subject shall
be embraced in any act which shall not be expressed
in the title, such act shall be void only as to
so much thereof as shall not be so expressed."

We are advised by Morrison in its brief that the sponsors
of Senate Bill 288 attribute the deletion of the final paragraph
of section 11-1202 to inadvertent clerical error. It is related
that the sponsors never intended to amend section 11-1202 in
any way other than to raise the monetary limits for bid require-
ments.

The cause of omission aside, however, we must agree with
the conclusion of the district court on the basis of the provi-
sions of Article V, Sec. 23 of the Montana Constitution. As
noted, the title of Senate Bill 288 contained only one subject,
the increase of dollar limitations on bid requirements; the title
did not express any intention to eliminate the exception from bid
requirements of contracts for professional, technical, engineering
and legal services. Article V, Sec. 23 clearly voids as unconsti-
tutional that deletion of the final paragraph of section 11-1202,
relating to the exception of professional services, since the title
of the amendment does not reflect any intent to make such omission.
See City of Helena v. Omholt, 155 Mont. 212, 468 P.2d 764, in which
we recently noted the purpose of Article V, Sec. 23: to prevent
both legislators and the public from being misled by false or
deceptive bill titles. Surely in this instance, the title of
Senate Bill 288 would mislead all concerned as to the full extent
of its amending effect upon section 11-1202, R.C.M. 1947. Such
is violative of Article V, Sec. 23 of the Montana Constitution.

Therefore, the declaratory judgment of the district court,
voiding as unconstitutional so much of Chapter 371, Laws of 1971,

- 4 -

as purports to amend section 11-1202, R.C.M. 1947, by deleting therefrom the last paragraph relating to exclusion of professional and other services, is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Associate Justices